UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61250-CIV-COHN/SELTZER

ROSEMARIE EICHHORN,

    Plaintiff,

vs.

HOME DEPOT USA, INC.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR REMAND**
**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS CONSORTIUM CLAIM**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Remand [DE 2] and Plaintiffs' Motion to Dismiss Consortium Claim [DE 5].  The Court has carefully considered the motions, and is otherwise fully advised in the premises.  Plaintiffs' reply in support of their motion for remand was due September 20, 2007.  Defendant does not oppose Plaintiff's Motion to Dismiss Consortium Claim [DE 6].

Plaintiffs Rosemarie Eichhorn and her husband, Louis Eichhorn, filed this action for negligence in state court.  Defendant timely removed this case to federal court based upon diversity of citizenship.  Where there is complete diversity of citizenship between the parties, state court actions may be removed to federal district court when the amount in controversy exceeds $75,000.00.  There is no dispute that Plaintiffs and Defendant are of diverse state citizenship.  Plaintiff moves to remand on the ground that Defendant has failed to show that the amount in controversy exceeds $75,000.

On a motion to remand, the removing party bears the burden of establishing jurisdiction.  Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th cir. 1996),

overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Where, as here, the plaintiff's state court complaint seeks an unspecified amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  Tapscott, 77 F.3d 1359-60.  When applying this standard, the Court must construe the removal statutes narrowly because there is a strong presumption against federal jurisdiction in the context of removal.  Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

A district court may consider post-removal evidence in determining the amount in controversy at the time of removal.  Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).  In this case, Defendant argues that Plaintiffs' Responses to Requests for Admissions indicate that the case is worth more than $75,000, in that Plaintiff did not admit that the case was worth less than $75,000.  Notice of Removal, Exhibit A [DE 1].  A second and better argument is simply the extent of injury to Plaintiff Rosemarie Eichhorn and the types of damages alleged in the Complaint.

The Complaint alleges that Rosemarie Eichhorn "suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition."  Compl., ¶ 9.  These "serious and permanent injuries," occurred as a result of being "struck in the head by a piece of molding being carried by an employee" of Defendant.  Compl. ¶ 6.

The Court concludes that these alleged injuries, if proven, satisfy Defendant's burden to show that the amount in controversy is over $75,000.  Even without the loss of consortium claim that was in the Complaint at the time of removal, the amount in controversy is over $75,000 for purposes of deciding this jurisdictional issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Remand [DE 2] is hereby **DENIED**;

2. Plaintiffs' Motion to Dismiss Consortium Claim [DE 5] is hereby **GRANTED** as an unopposed motion;

3. Plaintiff Leonard Eichhorn is hereby **DISMISSED** from this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of September, 2007.

JAMES I. COHN
United States District Judge

Copies to:
Malcolm Purow, Esq.
Jack Luks, Esq./William Dill, Jr., Esq.